UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LINDA BOMBARDIER                                CIVIL ACTION

VERSUS                                          NO. 16-568

STATE FARM FIRE AND CAS. CO.                    SECTION "N" (2)

## ORDER AND REASONS ON MOTION

This is an action to recover amounts plaintiff claims are due from defendant under a homeowner's policy of insurance for alleged damages to plaintiff's home and its contents resulting from a power surge on December 11, 2013. Record Doc. No. 1-1 (state court petition) at ¶'s 2, 5-8. The motion of defendant State Farm Fire and Casualty Company for sanctions for violations of this court's discovery order is currently pending before me. Record Doc. Nos. 11 (the order) and 13 (the motion).

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to defendant's motion, submitted for decision on September 14, 2016 without oral argument, has been timely submitted.[1] Accordingly, this motion is deemed to be unopposed. However, it appears to the court that

---

[1] Rather than submit any sort of opposition memorandum, plaintiff's counsel simply telephoned my office and advised my law clerk that he had failed to do so because he had now responded to defendant's discovery motion with responses he deemed sufficient. For the reasons set out in this order, plaintiff's counsel's conclusion is erroneous.

the motion has merit only as to some sanctions and not to others. Thus, **IT IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN PART as follows.

On July 20, 2016, this court granted defendant's motion to compel, Record Doc. No. 10, because plaintiff had failed timely to provide responses of any kind to defendant's interrogatories and requests for production. The court ordered plaintiff "to respond to defendant's discovery requests <u>fully</u> and in writing, in accordance with Fed. R. Civ. P. 33 and 34, and to make all responsive documents available to defendant's counsel, no later than August <u>3</u>, 2016." Record Doc. No. 11 (emphasis added). The order also provided that "[a]ll objections, except on the basis of attorney-client privilege or work product doctrine, <u>are</u> <u>deemed</u> <u>waived</u>." <u>Id.</u> (emphasis added).

In response to the order, plaintiff provided written discovery responses, but they were deficient in part, asserted waived objections in violation of the court's order, were submitted six days <u>after</u> the deadline set by the court and included limited produced documents consisting only of policy materials and a "summary of loss" form that were already in defendant's possession, Record Doc. Nos. 13-6 and 13-7, without any of a variety of other materials responsive to the other requests. In addition, the <u>un</u>sworn interrogatory answers failed to comply with Fed. R. Civ. P. 33(b)(1)(A), (3) and (5).

In the instant motion, defendant complains about deficiencies in only some of plaintiff's written responses; specifically, Interrogatories Nos. 2, 7, 9, 12 and 23 and Requests for Production Nos. 4, 5, 7, 10, 11, 15 and 22. The specific sanctions requested

are a contempt citation and dismissal with prejudice of plaintiff's claims for additional damages under Coverage A for structural damages and for additional living expenses. Record Doc. No. 13-1 at p. 12.

Fed. R. Civ. P. 37(b)(2) provides for a variety of sanctions when a party fails to obey the court's discovery order. They include not only the contempt citation and dismissal order particularly requested by defendant, Fed. R. Civ. P. 37(b)(2)(A)(v) and (vii), but also an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; . . . ." Fed. R. Civ. P. 37(b)(2)(A)(ii). "Instead of or in addition to the orders above, the court <u>must</u> order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

For the reasons set out above, I find that plaintiff failed to obey the court's discovery order in significant part, but did not ignore it altogether, so that some – though not the severest – sanctions must be imposed. Specifically, the motion is denied in part insofar as it seeks the severe sanctions of a contempt citation and dismissal with prejudice of plaintiff's claims for additional damages. Those severest of sanctions are unwarranted under the current circumstances. A contempt citation is inappropriate because plaintiff did not completely ignore the order and provided some sufficient written responses. Although

the responses were provided six days late and many were deficient, some of the responses are apparently sufficient, since they are not complained about in defendant's motion. It would serve no order enforcement purpose to impose a contempt citation, when other, less severe Rule 37(b)(2) sanctions of the type imposed below are more appropriate to address plaintiff's dilatory and disobedient conduct.

In addition, the draconian remedy of dismissal as a sanction is reserved exclusively for clear records of contumacious and continuing discovery misconduct or delay, ordinarily involving failure to comply with multiple court orders. See Doe v. Am. Airlines, 283 F. App'x 289, 291 (5th Cir. 2008); Davis v. Auto Club Family Ins. Co., No. 07-8545, 2008 WL 5110619, at *1 (E.D. La. Dec. 2, 2008) (Vance, J.) (citing Fed. Deposit Ins. Corp. v. Conner, 20 F.3d 1376, 1381 (5th Cir. 1994); Equal Emp't Opportunity Comm'n v. Gen. Dynamics Corp., 999 F.2d 113, 119 (5th Cir. 1993); Batson v. Neal Spelce Assocs., Inc., 765 F.2d 511, 515 (5th Cir. 1985)). "[I]t is not a party's negligence–regardless of how careless, inconsiderate, or understandably exasperating–that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice" of a claim or affirmative defense. Brown v. Oil States Skagit Smatco, 664 F.3d 71, 77 (5th Cir. 2011) (quoting McNeal v. Papasan, 842 F.2d 787, 792 (5th Cir. 1988)).

Because "dismissal with prejudice 'is a severe sanction that deprives a litigant of the opportunity to pursue his claim,'" it is an appropriate sanction only where the misconduct fits the egregiousness standard noted above and where "'lesser sanctions would not serve

the best interests of justice'" and "when the objectionable conduct is that of the client, and not the attorney." Brown, 664 F.3d at 77 (quoting Woodson v. Surgitek, Inc., 57 F.3d 14086, 1418 (5th Cir. 1995) and Sturgeon v. Airborne Freight Corp., 778 F.2d 1154, 1159 (5th Cir. 1985)).  In this instance, no such continuing, contumacious conduct reflecting stubborn resistance to authority has been established, and lesser sanctions appropriately address plaintiff's slothful attitude toward her discovery obligations.

Thus, the motion is granted in part in that the court imposes more appropriate, lesser sanctions authorized in Rule 37(b)(2) for violation of a discovery order to remedy plaintiff's laggard efforts and discovery foot-dragging.  Given the current status of the case – with a discovery deadline set to occur in less than one month and a trial date two months thereafter, Record Doc. No. 9 – those sanctions include an order requiring plaintiff and her attorney to pay monetary sanctions; to provide expeditiously the additional materials that her current written responses intimate may be forthcoming by supplemental response, together with the required sworn verification of interrogatory answers; and to preclude from use as evidence whatever plaintiff fails now timely to provide, all as follows:

**IT IS ORDERED** that, no later than **September 28, 2016**, plaintiff and/or her counsel must:

(1) Pay defendant $800.00 (four hours of work at the rate of $200 per hour) to reimburse defendant for reasonable attorney's fees incurred in attempting to obtain adequate discovery responses without court action and in filing this motion.

(2) Provide the sworn verification of all interrogatory answers, signed by plaintiff herself, not her counsel, under oath, as required by Fed. R. Civ. P. 33(b).

(3) Provide <u>full and complete</u> answers to Interrogatories Nos. 2, 7, 9, 12 and 23, **<u>WITHOUT OBJECTIONS BECAUSE ALL OBJECTIONS WERE PREVIOUSLY WAIVED, AS PROVIDED IN THE COURT'S PRIOR ORDER AND BY REASON OF PLAINTIFF'S FAILURE TIMELY TO PROVIDE INTERROGATORY ANSWERS MONTHS AGO.</u>** <u>See</u> Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived, unless the court, for good cause, excuses the failure."). **IT IS FURTHER ORDERED** that as to any of the above-numbered interrogatories that seek an amount or amounts, the answer must clearly state <u>either</u> that plaintiff does not know that amount <u>or</u> that the amount is "$_____," with numbers provided in the blank. **IT IS FURTHER ORDERED** that plaintiff is hereby prohibited from testifying at trial or stating in any affidavit, declaration or deposition excerpt submitted to the court in connection with any motion, any information of any kind that is responsive to the above-numbered interrogatories, unless she has also included that information in these interrogatory answers.

(4) As to defendant's requests for production,

(a) Expedite and complete the search of plaintiff's records in her possession, custody or control.

(b) Provide new written responses to Requests for Production Nos. 4, 5, 7, 10, 11, 15 and 22, signed pursuant to Fed. R. Civ. P. 26(g), **<u>WITHOUT OBJECTIONS</u>**

**BECAUSE ALL OBJECTIONS WERE PREVIOUSLY WAIVED, AS PROVIDED IN THE COURT'S PRIOR ORDER AND BY REASON OF PLAINTIFF'S FAILURE TIMELY TO PROVIDE WRITTEN RESPONSES TO REQUESTS FOR PRODUCTION MONTHS AGO.** See Poulos v. Naas Foods, Inc., 959 F.2d 69, 74 (7th Cir. 1992) (party "waived any objection to production by failing to object when disclosure was due"); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (objections to requests for production were waived by failure to make timely objections); McLeod, Alexander, Powell & Apffel v. Quarles, 894 F.2d 1482, 1484 (5th Cir. 1990) (vague objections lacking in specificity held invalid); In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); accord Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc., 236 F.R.D. 396, 398 (N.D. Ill. 2006); Brown-Stahlman v. Charter Trust Co., No. 04-CV-322-SM, 2006 WL 680874, at *1 (D.N.H. Mar. 16, 2006); Banks v. Ofc. of Senate Sgt.-at-Arms, 222 F.R.D. 7, 21 (D.D.C. 2004). **IT IS FURTHER ORDERED** that these supplemental written responses must clearly state, as to each separate request, either that all responsive materials in plaintiff's possession, custody or control are being produced and identifying by Bates stamp or other identifying mark what specific materials are being produced in response to each particular request, or that plaintiff has no responsive materials in her possession, custody or control.

(c) Make actual production to defendant of all responsive materials. **IT IS FURTHER ORDERED** that plaintiff is hereby prohibited from introducing as an exhibit at trial or submitting to the court in connection with any motion, any document, electronically stored information or other tangible material of any kind that is responsive to the above-numbered requests for production, unless she has actually produced them to defendant by the deadline set above.

New Orleans, Louisiana, this ___14th___ day of September, 2016.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE